UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRUDY A., <br><br> Petitioner, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[1] <br><br> Respondent. | Case No. 3:20-CV-00233-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Trudy A.'s Petition for Review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits filed May 15, 2020. (Dkt. 1.) The Court has reviewed the Petition, the Answer, the parties' memoranda, and the administrative record (AR). For the reasons that follow, the Court will grant the Petition and will remand the ALJ's decision for further proceedings.

---

[1] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On February 13, 2017, Petitioner filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on January 15, 2012. (AR 207-221.) Petitioner is a high school graduate with prior work experience as a cashier, inventory clerk, nurse assistant, and hospital cleaner. Petitioner meets the insured status requirements through December 31, 2012. At the time of the date last insured, Petitioner was 48 years of age. Petitioner claims she is unable to work due to lower back pain, hypertension, and major depressive disorder. (AR 232.) The application was denied initially and on reconsideration.

A hearing was conducted on December 18, 2018, before Administrative Law Judge (ALJ) Mark Kim. After hearing testimony from Petitioner and a vocational expert, ALJ Kim issued a decision finding Petitioner not disabled on March 11, 2019. (AR 13-23.) The Appeals Council denied Petitioner's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Petitioner timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*,

139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## THE ALJ'S FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step

**MEMORANDUM DECISION AND ORDER - 3**

sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found Petitioner had not engaged in substantial gainful activity since January 15, 2012, the alleged onset date. (AR 15.) At step two, the ALJ determined Petitioner suffered from the following severe impairments: borderline obesity, and degenerative disc disease of the cervical, thoracic, and lumbar spine. (AR 15.) The ALJ recognized other physical and mental impairments in the record -- hypertension, hyperlipidemia, vitamin D deficiency, adjustment disorder, depressive disorder, and anxiety disorder -- but concluded these conditions were nonsevere. (AR 16.)

At step three, the ALJ found Petitioner did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 18.) The ALJ next assessed Petitioner's residual functional capacity ("RFC") and determined she could perform unskilled, light work as defined in 20 C.F.R. § 404.1567(b) with some external and nonexternal limitations. (AR 18.) Relevant here, the ALJ concluded Petitioner could occasionally reach overhead with her bilateral upper extremities.

At step four, the ALJ found Petitioner unable to perform past relevant work. (AR 21.) At step five, the ALJ relied on the testimony of the vocational expert in finding that, considering Petitioner's age, education, work experience, and RFC, she could perform jobs that existed in significant numbers in the national economy, including office cleaner,

**MEMORANDUM DECISION AND ORDER - 4**

small products assembler, and marker. (AR 22.)[2] Accordingly, the ALJ determined Petitioner was not disabled.

## DISCUSSION

The single issue on review is whether the ALJ erred at step five by failing to address the inconsistency between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT). (Dkt. 19, 21.)

**1.  Legal Standard**

At step five, the burden shifts to the ALJ to identify jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1520; *see also Gutierrez v. Colvin*, 844 F.3d 804, 806 (9th Cir. 2016). In making the step five determination, the ALJ "may consult a series of sources including a [vocational expert] and the DOT." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017); *see also* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

The ALJ has an affirmative duty to resolve any obvious or apparent conflicts between the DOT and the vocational expert's testimony. *See Massachi v. Astrue*, 486

---

[2] During her testimony, the vocational expert mistakenly stated the job title for DOT 706.684-022 was a "small parts assembler," rather than "small products assembler." (AR 50.) The ALJ's decision likewise uses the job title "small parts assembler." (AR 22.) Further, the ALJ's decision appears to contain a scrivener's error in the DOT citation for a "small parts assembler," citing to DOT 706.687-030 (push-connector assembler) instead of DOT 706.684-022 (assembler, small products I). (AR 22.) These discrepancies are inconsequential to the disability determination and to the Court's decision. Petitioner noted as much in her opening brief. (Dkt. 19 at 5 n. 2.) However, Respondent's brief compounds the errors by discussing the job requirements for a "small parts assembler" using the DOT job description for a "push-connector assembler," citing DOT 706.687-030. (Dkt. 20 at 4-5.) The job of a push-connector assembler, DOT 706.687-030, is inapplicable here. In this Order, the Court will use the job title "small products assembler" and discuss the job duties for that occupation as described in DOT 706.684-022.

F.3d 1149, 1152-53 (9th Cir. 2007); *Lamear*, 365 F.3d at 1205; SSR 00-04p, at *4. "If the [vocational] expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez*, 844 F.3d at 807; *see also Massachi*, 486 F.3d at 1152 ("SSR 00–4p unambiguously provides that '[w]hen a [vocational expert] … provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] … evidence and information provided in the [DOT].").

An obvious or apparent conflict exists where the vocational expert's testimony is "at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez*, 844 at 808. Where such a conflict exists, the ALJ may accept the vocational expert's testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). Without an explanation from the ALJ addressing this conflict, courts cannot "determin[e] whether the ALJ's decision is supported by substantial evidence." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).

**2.    Discussion**

Petitioner contends an obvious and apparent conflict exists between the vocational expert's testimony that Petitioner could perform the representative occupations and the

description of the occupations in the DOT. (Dkt. 19.) Specifically, Petitioner argues that all three of the jobs identified by the vocational expert require at least frequent reaching, which exceeds Petitioner's RFC limitation that she could only occasionally reach overhead with her bilateral upper extremities. (Dkt. 19.)

Respondent maintains that there is no apparent conflict, the ALJ reasonably relied on the vocational expert's testimony, and the Court should defer to the ALJ's findings which are supported by substantial evidence. (Dkt. 20.) For the reasons that follows, the Court finds the ALJ erred at step five.

As stated above, the ALJ relied on the testimony of the vocational expert in determining at step five that an individual with Petitioner's age, education, work experience, and RFC would be able to perform the requirements of representative unskilled, light occupations such as office cleaner, small products assembler, and marker. (AR 22.) In the hypothetical posed to the vocational expert during the administrative hearing, the ALJ included a limitation that Petitioner could occasionally reach overhead with her bilateral extremities. (AR 50.) The vocational expert testified that a hypothetical individual with such an RFC could not perform Petitioner's past relevant work as a cashier, inventory clerk, nurse assistant, or hospital cleaner, but could work as an office cleaner, small products assembler, and marker. (AR 50-51.)

However, according to the DOT and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), all three of the representative occupations identified by the vocational expert

**MEMORANDUM DECISION AND ORDER - 7**

require reaching that exceeds Petitioner's RFC limitations.

Work as both an office cleaner and a small products assembler requires "frequent" reaching, where frequent is defined as "[a]ctivity or condition exists from 1/3 to 2/3 of the time." *See* DOT 323.687-014 (office cleaner I); DOT 706.684-022 (small products assembler); SCO at pp. 132, 284 and App. C-3. Work as a marker requires "constant" reaching, which the DOT defines as existing 2/3rds or more of the time. DOT 920.687-126 (marker II); SCO at p. 314 and App. C-3. The SCO defines reaching as "[e]xtending hand(s) and arm(s) in any direction." SCO, App. C-3.

In contrast, Petitioner's RFC limitation of "occasional" reaching overhead with the bilateral upper extremities, means the activity is done "up to 1/3[rd] of the time." SCO, App. C-3. The "frequent" and "constant" reaching required by the three representative occupations identified by the vocational expert are plainly incompatible with the Petitioner's RFC limitation to only occasional bilateral overhead reaching. Thus, there is an obvious and apparent conflict between the vocational expert's testimony and the DOT. *Zavalin*, 778 F.3d at 846 ("When there is an apparent conflict between the vocational expert's testimony and the" DOT-"for example, expert testimony that a claimant can perform an occupation involving [DOT] requirements that appear more than the claimant can handle-the ALJ is required to reconcile the inconsistency."); *see e.g.*, *Vladimir B. v. Saul*, 2021 WL 308273, at *13 (S.D. Cal. Jan. 29, 2021) (citing cases finding a conflict between the requirement of frequent or constant reaching in the DOT and a preclusion or restriction on reaching overhead or above the shoulder).

**MEMORANDUM DECISION AND ORDER - 8**

Relying on *Gutierrez v. Colvin*, 844 F.3d 804 (9th Cir. 2016), Respondent maintains there is no apparent conflict between the vocational expert's testimony and the DOT. Respondent argues the DOT is silent regarding overhead reaching, and that overhead reaching is not a "common and obvious" or "likely and foreseeable" requirement of the jobs identified by the vocational expert. (Dkt. 20.) The Court disagrees.

The ALJ's duty to inquire about a conflict between the DOT and the vocational expert's testimony is fact-dependent. *Lamear*, 865 F.3d at 1205 (quoting *Gutierrez*, 844 F.3d at 807). Where the job is a familiar one with job duties informed by common experience, "less scrutiny by the ALJ is required." *Gutierrez*, 844 F.3d at 808-809 (concluding the ALJ did not err in finding, based on common experience, that it was unlikely and unforeseeable for a cashier to need to reach overhead). However, the "more obscure the job, the less likely common experience will dictate the result." *Lamear*, 865 F.3d at 1205 (holding the ALJ erred in failing to explain the apparent discrepancy between the DOT descriptions of the job duties for an office helper, mail clerk, or parking lot cashier, and the claimant's limitations on the ability to handle, finger and feel with the left hand).

At issue in *Gutierrez* was "whether overhead reaching is such a common and obvious part of [the job of] cashiering that the ALJ should have recognized a conflict and questioned the expert more closely before concluding that [the claimant] could work as a cashier." *Gutierrez*, 844 F.3d at 807 (emphasis in original). The Ninth Circuit concluded

**MEMORANDUM DECISION AND ORDER - 9**

that, based on common experience, it was "unlikely and unforeseeable" that a cashier would need to reach overhead frequently. *Id*. at 808-09 ("[A]nyone who's made a trip to the corner grocery store knows that while a clerk stocking shelves has to reach overhead frequently, the typical cashier never has to.").

However, the jobs identified by the vocational expert here – office cleaner, small products assembler, and marker -- are more obscure and less common than the job of cashier at issue in *Gutierrez*. *See Hall v. Berryhill*, 2018 WL 1135705, at *12 (D.Or. March 2, 2018) (finding price marker and small products assembler are more obscure than the cashier job in *Gutierrez*). That is to say, the Court cannot concluded based on common experience that it is likely and foreseeable that an individual with limitations on his or her ability to reach overhead bilaterally could perform the duties of an office cleaner, small products assembler, and marker. *Lamear*, 865 F.3d at 1205.[3]

Moreover, as discussed above, the DOT's descriptions for office cleaner, small products assembler, and marker strongly suggest that it is likely and foreseeable that frequent or constant reaching would be necessary to perform the "essential, integral, or expected" tasks of all three of the identified jobs in an "acceptable and efficient manner." *Lamear*, 865 F.at 1205; *Hall*, 2018 WL 1135705, at *12. Accordingly, an obvious and apparent conflict existed between the jobs identified by the vocational expert and the DOT that the ALJ was required to address.

---

[3] Arguably, the job of an office cleaner may not be as obscure as the other representative occupations. Nevertheless, the Court still finds that common experience make it likely and foreseeable that overhead reaching is a requirement of the job of an office cleaner.

**MEMORANDUM DECISION AND ORDER - 10**

Absent an appropriate inquiry and reasonable explanation for the conflict, the ALJ could not properly rely on the vocational expert's testimony as substantial evidence to support the disability determination at step five. *Zavalin*, 778 F.3d at 846 ("The ALJ must ask the expert to explain the conflict and 'then determine whether the vocational expert's explanation for the conflict is reasonable' before relying on the expert's testimony to reach a disability determination"); SSR 00-4p. Here, the ALJ failed to reconcile the apparent conflict or explain the basis for relying on the vocational expert's testimony over the DOT.

During the hearing, the ALJ's only inquiry into the conflict was to ask the vocational expert whether her testimony was consistent with the DOT. (AR 50.) The vocational expert simply responded "yes." (AR 50.) This does not satisfy or absolve the ALJ of his affirmative responsibility to identify and resolve the apparent conflict between the vocational expert's testimony and the DOT. *Massachi*, 486 F.3d at 1153-54; *Marquez v. Astrue*, 2012 WL 3011779, at *2–3 (D. Ariz. July 23, 2012) (An ALJ "cannot simply rely on the VE's testimony that no ... conflicts exist.").

Neither the vocational expert nor the ALJ recognized or discussed the conflict between the vocational expert's testimony and the DOT's reaching requirements during the hearing. Consequently, there is nothing in the record to support the ALJ's reliance on the vocational expert's testimony in making the disability determination at step five. *See* SSR 00–4p; *Lamear*, 865 F.3d at 1205 ("To avoid unnecessary appeals, an ALJ should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT

**MEMORANDUM DECISION AND ORDER - 11**

and the applicant's RFC.").

Notably, the ALJ's decision reads:

> Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the [DOT]. No evidence was received indicating the vocational expert testimony differed in any meaningful way from the information in the DOT. Where silent, the DOT has been supplemented by the vocational expert's own experience and expertise, such as in differentiating between reaching overhead and in all other directions.

(AR 22.) Again, the record is without any testimony or evidence to support the ALJ's finding quoted above. (AR 30-53.) In particular, the ALJ's conclusion that "the DOT has been supplemented by the vocational expert's own experience expertise, <u>such as in differentiating between reaching overhead and in all other directions</u>." (AR 22) (emphasis added.) There was no testimony by the vocational expert or questioning by the ALJ concerning overhead reaching, or any reaching requirements, of the representative occupations.

The only testimony involving the vocational expert's experience concerned the second hypothetical posed by the ALJ which added a limitation that the individual would be off task and unproductive at least twenty percent of the work day, in addition to regularly scheduled breaks due primarily to physical impairments. (AR 50-51.) The vocational expert responded that there were no jobs in the national economy for an individual with that additional limitation, stating:

> No, and my response is based on my 28 years of experience, specifically within unskilled work. Five percent is acceptable, but when the individual starts approaching 10%, it's felt that they are just not able to keep up with

**MEMORANDUM DECISION AND ORDER - 12**

> the job tasks that they're hired for. So, going up all the way to 20%, that would definitely eliminate all work for this individual.

(AR 51.) Accordingly, the ALJ's decision to rely on the vocational expert's testimony over the DOT's descriptions of the jobs identified is not supported by substantial evidence. (AR 50-51.) Absent an explanation by the ALJ of the apparent discrepancy, the Court cannot determine whether the ALJ properly relied on the vocational expert in finding that Petitioner was able to perform the duties of the representative occupations.

For these reasons, the Court finds the ALJ erred in failing to identify and resolve the apparent conflict between the vocational expert's testimony and the DOT regarding reaching, especially when the vocational expert did not address the same in her testimony. The ALJ therefore could not rely on the vocational expert's non-existent testimony regarding reaching. Thus, the ALJ's step five determination that Petitioner could perform work as an office cleaner, small products assembler, or marker is not supported by substantial evidence. Because the ALJ did not identify any other jobs that Petitioner could perform, the ALJ's error was not harmless. Remand is appropriate to allow the ALJ to reconcile the conflict between the vocational expert's testimony that Petitioner could perform the representative occupations despite her overhead reaching limitations, with the DOT's descriptions of the jobs.

**MEMORANDUM DECISION AND ORDER - 13**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED**

1) Plaintiff's Petition for Review (Dkt. 1) is **GRANTED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: August 20, 2021

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge