UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRUDY ANNE A., <br><br> Petitioner, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Respondent. | Case No.   3:20-CV-233-CWD <br><br> **ORDER** |

Before the Court is the parties' Stipulation for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Dkt. 24.) Pursuant to the Stipulation, the parties have agreed to a compromise settlement of the payment of attorney fees in the amount of $6,000.00. For the reasons stated herein, the Court will approve the Stipulation and award attorney fees and costs in accordance therewith. (Dkt. 24.)

The EAJA provides that a court will award fees and other expenses to a prevailing party when such fees and other expenses were incurred by that party in any civil action brought against the United States, unless a court finds that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §§ 2412(d)(1)(A) and (b). Fees and other expenses include "reasonable attorney

**ORDER—1**

fees." *Id*. Costs in the form of fees to the clerk may be taxed in accordance with 28 U.S.C. § 1920.

Having reviewed the Stipulation and the entire record herein, the Court finds Petitioner is the prevailing party in this matter and that nothing in the record indicates "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Indeed, Respondent has stipulated to the requested attorney fees. But even if there is no objection, the Court has an independent obligation to review the reasonableness of the request as to the fee charged and the hours expended. Doing so here, the Court finds the stipulated amount of attorney fees and costs is reasonable and consistent with the total amount of such fees regularly seen by the Court in similar cases.[1]

Based upon the EAJA, the Stipulation will be approved, and Petitioner will be awarded attorney fees in the amount of $6,000.00. 28 U.S.C. §§ 1920, 2412(d). Any assignment to Petitioner's counsel of said fees will be subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 130 U.S. 2521 (2010), if applicable.

---

[1] The total number of attorney hours expended and the hourly rate charged have not been provided to the Court. 28 U.S.C. § 2421(d)(1)(B). Nevertheless, applying the maximum statutory hourly rate of $207.78 for work performed in 2020, prescribed in 28 U.S.C. § 2412(d)(2)(A)(ii) and as adjusted for inflation, *see* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/, to the requested amount of attorney fees, $6,000.00, reveals that Petitioner's counsel is seeking reimbursement for approximately 28.8 hours on the case. The Court finds that amount of time is within the normal range for cases such as this.

**ORDER—2**

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Stipulation for Attorney Fees and Costs (Dkt. 24) is **APPROVED** and attorney fees are **AWARDED** as follows:

1) Petitioner is awarded EAJA attorney fees in the amount of $6,000.00, pursuant to 28 U.S.C. § 2412(d).

2) Respondent shall issue a check for EAJA fees and costs made payable to Petitioner's attorney, Karl E. Osterhout, Esq., and mailed to:

> 521 Cedar Way, Suite 200
> Oakmont, Pennsylvania, 15139

Any assignment to Petitioner's counsel of said fees will be subject to offset under the Treasury Offset Program. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Petitioner has no debt which qualifies for offset under the Treasury Offset Program, the entire award is to be made payable directly to Karl E. Osterhout, Esq. and mailed to the address above.

DATED: November 18, 2021

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge

ORDER—3